CSD 1183 [05/19/17]
Name, Address, Telephone No. & I.D. No.

Denise Dominguez
706 E Ohio Ave
escondido ca 92025

FILED
2018 MAY 14 AM 10: 53
CLERK
U.S. BANKRUPTCY CT
SO DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Coast medical center

BANKRUPTCY NO. 15-05422LA7

Tax I.D.(EIN)#:    /S.S.#:XXX-XX-    Debtor.

**NOTICE OF HEARING AND MOTION**

TO:

   **You are hereby notified** that on June 14th, at 2 p.m, in Department 2, Room _____ of the Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California 92101-6991, there will be a hearing regarding the motion of _____Denise Dominguez_____, Movant, for

   Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, **not later than fourteen (14)[1] days from the date of service.**

DATED:

5-12-18

_____
[Attorney for] Moving Party

---

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

CSD 1183

CSD 1183 (Page 2) [05/19/17]

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on 12 day of May, 2018 I served a true copy of the within NOTICE OF MOTION AND HEARING, together with the following pleadings [describe any other papers]:

Written Statement
Exhibit B

by [describe here mode of service]: First class mail

on the following persons [set forth name and address of each person served] and as checked below:

☐ Attorney for Debtor (if required):

Leslie + Gladstone

Financial Law Group
401 Via Del Norte
La Jolla, Ca 92037

David Greenberg
9089 Clairmont
Mesa Blvd
Suite 208
San Diego CA
92123

☒ For Chpt. 7, 11, & 12 cases:

UNITED STATES TRUSTEE
Department of Justice
880 Front Street, Suite 3230
San Diego, CA 92101-8897

☐ For ODD numbered Chapter 13 cases:

THOMAS H. BILLINGSLEA, JR., TRUSTEE
401 West A Street, Suite 1680
San Diego, CA 92101

☐ For EVEN numbered Chapter 13 cases:

DAVID L. SKELTON, TRUSTEE
525 B Street, Suite 1430
San Diego, CA 92101-4507

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 5-12-18

Denise Dominguez
(Typed Name and Signature)

706 E Ottio Ave
(Address)

escondido ca 92025
(City, State, ZIP Code)

CSD 1183

Denise Dominguez (claimant)                                  5/12/2018
706 East Ohio Ave
Escondido California, 92025

        United States Bankruptcy court
        Southern District Of California

In re: Coast Medical Center                      Case: 15-05422LA7

I Denise Dominguez and respectfully asking to motion to extend time to respond to the notice of trustee's final report and application for compensation and deadline to object (NFR). Dated 3/19/2018 made by Leslie Gladstone trustee for Coast Medical Center. I Denise Dominguez the claimant am requesting a approve the hearing date for June 14th 2018 at 2pm. In dept, 2. As well as ask to not discharge my case with Coast Medical Center. The motion should be denied due to the basis of the claim.
1: Pregnancy discrimination
2. Failure to prevent pregnancy discrimination
3. Wrongful termination in violation of public policy
4: Unlawful inquiry in violation of the fair housing and employment act.
I further allege I have suffered monetary damages and non monetary damages as a direct and proximate result of Coast Medical Center's unlawful conduct. Prior to reaching trial Coast Medical Center filled it's petition on August 18 2015. Thus triggering an automatic stay of my claims in San Diego County Superior Court. I went through alot due to the fact that i was wrongfully terminated. The stress caused me and my unborn child at the time lots of complications. When my son was born i was in a deep depression had anxiety and lost trust in the system. My son was in and out of the hospital the first four months of his life due to stress while I was pregnant. Getting terminated so far in my pregnancy and having it caused me depression my family and i struggled some days we had no food, electricity. I felt so bad that coast Medical Center had me so depressed I didn't even want to be pregnant. My son is the greatest gift i could have ever received and in no way would have felt that way on my own. My mental State was altered by Coast Medical Center. I feel it would be even more unfair to let them get away with this. Without any consequence. I understand that there may not be enough money to pay the full balance they owe me at this time. However I don't want to feel that i went through that agony and worry about my baby for nothing. I feel that should be made to pay something for everything i went through. Even if that means making payment. It is partly due to money that i feel i am owed but also to make them, aware they hurt someone and there family and there are consequences when you violate laws. So please I am asking you for an extension to object and oppose motion dated 3/19/2018. I am including Exhibit B it is my Denise Dominguez declaration referring to basis of claim and evidence of validity of claim as well as evidence of amount of claim.

I declare under penalty of perjury and the laws of the United States of America that the above is true and correct executed this 12th day of may 2018 in San Diego California.

Denise Dominguez
700 E Ottio Ave
Escondido CA 92025

■■■■■■■■ – EXHIBIT B

I, Denise Dominguez, declare and state as follows:

## BASIS OF CLAIM

1. On August 19, 2014, I filed a Complaint against Coast Medical Center, Inc. ("Coast Medical Center") in San Diego County Superior Court, Case No. 37-2014-00027825-CU-WT-CTL. On April 27, 2015, I filed a First Amended Complaint against Coast Medical Center. Attached to my declaration as Exhibit C is a true and correct copy of the First Amended Complaint that I filed on April 27, 2015. In my First Amended Complaint, I allege causes of action for: (1) pregnancy discrimination; (2) failure to prevent pregnancy discrimination; (3) wrongful termination in violation of public policy; and (4) unlawful inquiry in violation of the Fair Employment and Housing Act. I further allege that I have suffered monetary and non-monetary damages as a direct and proximate result of Coast Medical Center's unlawful conduct. Prior to the action reaching trial, Coast Medical Center filed its Petition on August 18, 2015, thus triggering an automatic stay of my claims in San Diego County Superior Court.

## EVIDENCE OF VALIDITY OF CLAIM

2. Approximately two weeks before my first day of employment with Coast Medical Center, I had a pre-employment interview with Coast Medical Center's office manager, Brenda Kough ("Kough"), and office administrator, Steven Williamson ("Williamson"). At the time of my pre-employment interview, I was approximately five to six months pregnant. During the pre-employment interview, Kough made an unlawful inquiry to identify my pregnant status and my need for future pregnancy and/or disability leave. More specifically, Kough asked me if there was anything that would prevent me from working over the next year. In response to Kough's unlawful inquiry, I did not inform Kough of my pregnant status or of my need for possible future pregnancy and/or disability leave out of fear that I would not be offered a position with Coast Medical Center. Coast Medical Center hired me and I began working for Coast Medical Center as a medical assistant on June 24, 2014.

BARRITT SMITH LLP
3 Corporate Park, Suite 150
Irvine, California 92606
949-553-0700

1
**PROOF OF CLAIM EXHIBIT B - DECLARATION OF DENISE DOMINGUEZ**

3.    During approximately the first week of my employment, I received training from various employees of both Coast Medical Center and its sister company, Linae Healthspan Institute, Inc. ("Linae Healthspan"), regarding the performance of my job duties as a medical assistant. More specifically, I sat in the front office with April Casillas ("Casillas"), Timmanie Gorman ("Gorman") and Kough and I was trained on many aspects of my position, including how to schedule appointments, the process of inputting data into Electronic Medical Records, answering phones, taking and entering messages, and verifying patient insurance. I adhered to the training that I received and I competently performed my job duties as a medical assistant. Indeed, during my brief employment with Coast Medical Center, I was never informed that my performance was deficient or that I was not competently performing my job duties as a medical assistant.

4.    On June 30, 2014, I went to lunch with Gorman and Casillas. While at lunch, I informed Gorman and Casillas of my pregnancy and that I was afraid to disclose my pregnancy to Coast Medical Center out of fear of that I would be terminated because of my pregnant status. Shortly after lunch (on June 30, 2014), I informed Kough of my pregnancy. The next day, Kough told me that she (Kough) had informed Dr. Linette Williamson (owner of Coast Medical Center) of my pregnancy status. Kough further told me that Dr. Williamson had called her lawyer and Dr. Williamson's lawyer advised her that because Coast Medical Center did not have fifteen employees, she could fire me for my pregnancy and my failure to disclose my pregnancy in my pre-employment interview. Kough, therefore, terminated my employment on June 30, 2014. Kough told me that she tried to "fight" for me because I was such "a good employee." When I told Kough that it was not fair that I was being terminated because of my pregnancy, Kough replied, "we don't fall under any of those rules."

### EVIDENCE OF AMOUNT OF CLAIM

5.    I have suffered monetary and non-monetary damages as a direct and proximate result of Coast Medical Center's unlawful conduct. Coast Medical Center paid me a base hourly rate of $15.00. Following my termination from Coast Medical Center, I remained unemployed until I had my baby in September 2014. Accordingly, I suffered economic damages in an amount not less than $13,000

($15.00 per hour x 8 hours per day x 5 days per week x 52 weeks / 12 months = $2,600 x 5 months of unemployment = $13,000). Moreover, I have suffered emotional distress, emotional pain and mental anguish as a result of my unlawful termination from Coast Medical Center. The physical manifestations of my emotional distress, emotional pain and mental anguish include anxiety, depression, headaches, neck tension, nausea/nervous stomach, difficulty sleeping, crying, upset stomach, fear, and blood pressure fluctuation. These manifestations still present themselves. These symptoms are intermittent and, depending on the symptom, last anywhere from a few minutes to a few hours when they occur. Finally, Coast Medical Center's conduct, as described above, was done with malice, fraud or oppression, and in reckless disregard of my rights and with the intent, design, and purpose of injuring me. Coast Medical Center, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above. Thus, I am also seeking punitive damages in an amount appropriate to make an example of Coast Medical Center to the community (although I understand that this will be a subordinated claim). The chart below sets forth what my damages (at a minimum) to date:

| | |
|---|---|
| Backpay | $13,000.00 |
| Emotional Distress | $50,000.00 |
| Punitive Damages | $100,000.00 |
| Attorneys' Fees | $60,000 (As set forth in my counsel's declaration) |
| Costs: | $3,500 (As set forth in my counsel's declaration) |
| Total: | $226,500 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___ day of January, 2016 at _____, California.

12 - May 2K at Irvine

_____
Denise Dominguez

3
PROOF OF CLAIM EXHIBIT B - DECLARATION OF DENISE DOMINGUEZ